STATE, Respondent v. BONRUD et al., Appellants

(203 N.W.2d 793)

(File Nos. 11152, 11158. Opinion filed January 23, 1973)

**David V. Vrooman,** Sioux Falls, for defendant-appellant Bonrud.

**Russell D. Kading,** Sioux Falls, for defendant-appellant Moeller.

**Gordon Mydland,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, for plaintiff-respondent.

WOLLMAN, Justice.

Defendants were found guilty by a circuit court jury of the offense of third degree burglary.

The question on appeal is whether the investigating officer's failure to give the statutory Miranda warnings, SDCL 23-44-2, in the exact words of the statute precluded the use by the state of defendants' written statements admitting their participation in the offense charged.

SDCL 23-44-2 provides that:

> "No confession or admission made or given by any person during or after his interrogation by any law enforcement officer or agency, while such person was under arrest or other detention in the custody of any law enforcement officer or agency, may be received in evidence in any such criminal prosecution involving a felony charge unless such person, before such interrogation, was informed prior to any questioning.
>
> (1) That he has the continuing right to remain silent;
>
> (2) That anything he says can be used as evidence against him in a court of law or other criminal proceeding;

(3) That he has a right to consult with and have the presence of an attorney; and

(4) That if he is charged with a felony and is indigent, an attorney will be appointed for him if he so desires."

This statute, having its source in Ch. 145, Laws of 1967, is obviously an attempted codification of the well known "Miranda rights", first enunciated by the United States Supreme Court in Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Defendants make no claim that the officer who questioned them and who secured their written statements did not adequately give the warnings required by the Miranda case. They contend, however, that because the officer failed to advise them that anything they said could be used as evidence against them in a court of law *or other criminal proceeding* (SDCL 23-44-2(2) ) and that *if they were charged with a felony* and were indigent an attorney would be appointed for them if they so desired (SDCL 23-44-2(4) ), their written statements should not have been received in evidence against them.

The trial court ruled that the state had substantially complied with the requirements of SDCL 23-44-2 and that defendants' statements were thus admissible at the trial. We agree. As we said in State v. Johnson, 87 S.D. 43, 202 N.W.2d 132, objections of this type are trivial.* All that the Miranda case requires is that an individual be advised of the substance of his constitutional rights in meaningful and understandable language. See Evans v. Swenson, 8 Cir., 455 F.2d 291; Coyote v. United States, 10 Cir., 380 F.2d 305. We hold that the requirements of SDCL 23-44-2 are in substance no different from the constitutional rights set forth in the Miranda case and that substantial compliance with the requirements of Miranda satisfies the requirements of the statute.

---

*In the Johnson case we held that a police officer's failure to advise a defendant that he had the *continuing* right to remain silent did not render defendants' statement inadmissible.

The state has raised the question whether the legislature has the authority to enact rules such as those set forth in SDCL 23-44-2. What we have said above makes it unnecessary for us to consider this question at this time.

The convictions are affirmed.

All the Justices concur.