STATE of South Dakota, Plaintiff and Appellee,

v.

James BRAMMER, Defendant and Appellant.

No. 13024.

Supreme Court of South Dakota.

Argued Sept. 12, 1980.

Decided April 8, 1981.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas E. Lee, Fort Pierre, Atty. at Law, for defendant and appellant.

MORGAN, Justice.

Appellant was tried before a jury in Lyman County, South Dakota, on four counts:

I. Rape, allegedly occurring on October 8, 1978;

II. Sexual contact, allegedly occurring on October 8, 1978;

III. Rape, allegedly occurring on October 10, 1978; and

IV. Sexual contact, allegedly occurring on October 10, 1978.

The jury acquitted appellant on Counts I and II, but convicted him on Counts III and IV, from which convictions he appealed. We affirm in part, reverse in part, and remand for further proceedings.

The victim, aged twelve, claimed that appellant first forced her to have sex with him on October 8, 1978. That alleged incident led to Counts I and II on which appellant was acquitted. No further reference will be made to the evidence offered regarding them.

With respect to Counts III and IV, the victim alleged that on October 10, 1978, appellant approached her at the Coast-to-Coast Store in Presho, South Dakota, and told her to follow him to an old building near the back of the store. She followed appellant as instructed. Once inside they waited a bit, then appellant took off his pants and her pants and proceeded to have intimate relations with her. After finishing, they left the building separately with appellant leaving first.

At a later point in time, some four or five months, appellant allegedly approached the victim at the bowling alley in Presho and told her to meet him at his place. Instead of going to his place, however, she returned home and told her father about the alleged previous incidents, after which the victim's father signed a complaint for rape and sexual contact in violation of SDCL 22–22–1(4) and SDCL 22–22–7.

On November 13, 1979, a Lyman County jury found appellant not guilty of Count I, rape in the second degree, and Count II, sexual contact with a child under the age of fifteen years, but guilty of Count III, rape in the second degree, and Count IV, sexual contact with a child under the age of fifteen years.

Following an initial screening evaluation at the Human Services Center in Yankton, South Dakota, to determine whether psychiatric or psychological counseling would be beneficial, and following a presentence investigation, the trial court sentenced appellant to serve five years on each count, said sentences to be served concurrently at the South Dakota State Penitentiary in Sioux Falls, South Dakota.

Appellant attacks the sufficiency of the evidence to convict under Count IV, the sexual contact count. The principal defect he points to is lack of evidence of a sexual contact as defined by the statute.

The offense of sexual contact is defined in SDCL 22–22–7 which, in pertinent part, reads: "Any person, fifteen years of age or older, who knowingly engages in sexual contact with another person, other than his spouse when such other person is under the age of fifteen years is guilty of a Class 3 felony." SDCL 22–22–7.1 then goes on to define "sexual contact" as "any touching, not amounting to rape, of the breasts of a female or the genitalia of any person with the intent to arouse or gratify the sexual desire of either party."

The gist of the testimony regarding the actions of appellant and the victim as adduced from the victim's testimony was that appellant enticed her to an old shed near the Coast-to-Coast Store in Presho, and the following acts took place:

Q. Okay. Then what happened?
A. Then he—then we waited for a while, and then he pulled down his.
Q. His what?
A. Pants.
Q. Oh, okay. And then what happened?
A. And then he pulled down my pants.
Q. Okay.
A. And then he told me to lay, lay on my hands and knees.
Q. Okay. And then what happened?
A. And then he stuck it in me.
Q. Where was he?
A. In back of me.
Q. Behind you?
A. Yeah.
Q. And what did he stick inside of you?
A. Something between his legs.
Q. The same thing as before?
A. Yeah.
Q. And where was that on your body?
A. Between my legs.
Q. Okay. And then what happened? Did he do anything?
A. Yeah. He moved.

Q. Okay. And then did he eventually quit?
A. Yeah.

■ Our scope of review on examining the sufficiency of the evidence has been enumerated as follows: "In determining the sufficiency of the evidence on appeal [in a criminal case] the only question [before the reviewing] court is whether . . . there is evidence in the record which, if believed by the jury, is sufficient to sustain [the] finding of guilty beyond a reasonable doubt." *State v. Shank*, 88 S.D. 645, 650, 226 N.W.2d 384, 387 (1975).

"[W]e must accept the evidence, and . . . inferences that the jury might fairly have drawn therefrom, that will support the verdict." *State v. Boyles*, 260 N.W.2d 642, 643 (S.D.1977). See also *State v. Herrald*, 269 N.W.2d 776 (S.D.1978); *State v. Dietz*, 264 N.W.2d 509 (S.D.1978).

■ The crux of this appeal is the relationship between the offense of rape as charged under SDCL 22–22–1(4)[1] in Count III and the offense of sexual contact as charged under SDCL 22–22–7 in Count IV. Appellant urges that by the very terminology of the sexual contact statute the two offenses are mutually exclusive. The State, on the other hand, argues that because of the manner in which the act was allegedly accomplished appellant could have, with some part of his body, touched the girl in a way not amounting to rape. Construction of a statute must be according to the manifest intent that is derived from the statute as a whole. *Concrete Materials Co. v. Employers Mut. Liabil. Ins. Co.*, 70 S.D. 535, 19 N.W.2d 523 (1945). We agree with appellant. SDCL 22–22–7.1 defines "sexual contact" as "any touching, *not amounting to rape*, of the breasts of a female or the genitalia of any person with the intent to arouse or gratify the sexual desire of either party." (Emphasis added.) This statute,

---

1. SDCL 22–22–1, in pertinent part, reads:
    Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances:

    (4) Where the victim is less than fifteen years of age.
    . . . A violation of subdivision (4) of this section is rape in the second degree, which is a Class 4 felony.

enacted in 1976 as part of the general revision of the Criminal Code, replaced the previous indecent molestation statute. We do not believe that the legislature intended the sexual contact statute to apply to touching incidental to rape. The obvious intent of the legislature is to deal with those who molest young children for sexual gratification without raping them. Sexual contact is a separate and distinct offense. The legislature imposed a more severe penalty for it than for rape.[2]

■ A reading of the victim's testimony alone indicates that appellant committed only one act. As we have noted, the offenses of rape and sexual contact are mutually exclusive. Reading the testimony of the victim and applying the inferences a jury might fairly have drawn therefrom, we are of the opinion that the evidence supports a conviction on a single act of rape, thereby excluding the conviction on the act of sexual contact.

The issue of insufficiency of the evidence to support the conviction on Count IV was not presented to the trial court, nor did trial counsel (different from appellate counsel) make any motion to indicate that the offenses were mutually exclusive, nor did he object to the instructions proposed by the court or propose any on behalf of appellant. SDCL 23A–44–15,[3] however, provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court."

As recently as *State v. Ellefson*, 287 N.W.2d 493 (S.D.1980), and *State v. Coe*, 286 N.W.2d 340 (S.D.1979), we declined to adopt the plain error rule. Part of this court's justification for not adopting the plain error rule in earlier cases was that the rule did not reconcile with the then existing South Dakota statutes. See *State v. Barr*, 89 S.D. 280, 232 N.W.2d 257 (1975).

■ We now conclude that in view of SDCL 23A–44–15, we must give recognition to the legislatively created plain error rule. To recognize the rule, however, is not to say that every error that occurs at trial rises to the level of plain error, for the plain error rule must be applied cautiously and only in exceptional circumstances. See, e. g., *United States v. Castenada*, 555 F.2d 605 (7th Cir. 1977); *Kramer v. United States*, 408 F.2d 837 (8th Cir. 1969); 3 C. Wright Federal Practice and Procedure (Criminal) § 856 (1969); 6 L. Orfield Criminal Procedure Under the Federal Rules § 52.3 (1967).

■ We must, then, analyze the error and determine whether it substantially affected the rights of appellant, and thereby prejudiced him. Appellant in this case was charged with two offenses that arose out of the identical facts, and which offenses, by the very terminology of SDCL 22–22–7.1, are mutually exclusive. This clearly and substantially affected appellant's rights. It leaves us with the firm conviction that a miscarriage of justice has occurred.

We therefore reverse the conviction on Count IV of the Information and remand as to that portion of the judgment. This does not, however, affect the conviction and sentence on Count III.

Accordingly, we affirm the conviction on Count III, reverse the conviction on Count IV, and remand to the trial court with instructions to strike the judgment of con-

---

2. SDCL 22–6–1, in pertinent part, reads:
   Except as otherwise provided by law, felonies are divided into the following seven classes which are distinguished from each other by the respective maximum penalties hereinafter set forth which are authorized upon conviction[:]

   (4) Class 3 felony: fifteen years imprisonment in the state penitentiary. In addition, a fine of fiteen [sic] thousand dollars may be imposed;

   (5) Class 4 felony: ten years imprisonment in the state penitentiary. In addition, a fine of ten thousand dollars may be imposed[.]

3. SDCL 23A–44–15 was enacted by the 1978 Legislature (1978 S.D.Sess.Laws ch. 178, § 548) and became effective July 1, 1979. The South Dakota Rules of Evidence also contain a plain error rule. See SDCL 19–9–6.

viction and sentence on Count IV and enter judgment of acquittal thereon.

All the Justices concur.