**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David Mike BARTUNEK, Defendant and Appellant.**

**No. 13598.**

Supreme Court of South Dakota.

Considered on Briefs May 17, 1982.

Decided Aug. 18, 1982.

Richard Dale, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Douglas J. Luebke of Horstman, Braley & Luebke, Corsica, for defendant and appellant.

HENDERSON, Justice.

## ACTION

This is an appeal from a judgment of conviction finding David Mike Bartunek, appellant, guilty of driving while under the influence of alcohol. SDCL 32-23-1. We affirm.

## FACTS

After receiving a phone call from a citizen at midnight on January 12, 1981, to the effect that a motor vehicle accident had occurred south of Stickney, South Dakota, Deputy Sheriff Dwight DeBoer proceeded to the accident scene. Deputy DeBoer observed appellant and his brother near the vehicle. Both were injured, bleeding, stumbling around the wrecked vehicle and appeared to be intoxicated, according to the deputy, who thereupon summoned Sheriff Evan Edinger. Deputy DeBoer, having been called to the scene of this accident to investigate it, proceeded to ask appellant and his brother several questions. These questions included extent of their injuries, necessity of immediate medical attention, and who was driving the car. No *Miranda* warning was given. Appellant and his brother both readily admitted appellant was operating the vehicle at the time of the accident.

Sheriff Edinger, upon arriving at the scene and sizing up the situation, then asked appellant to accompany him to his squad car. Appellant thereupon complied. Sheriff Edinger advised appellant he was under arrest for D.W.I., and advised him of his constitutional rights and his rights under this state's statutory implied consent law. Appellant agreed to a blood test and indicated that he understood his constitutional rights. Both appellant and his brother were transported to the Methodist Hospital in Mitchell for treatment of their injuries and to secure a blood sample from appellant. Subsequent analysis revealed appellant's blood contained 0.21% alcohol.

## PROCEDURAL HISTORY

Sheriff Edinger signed a D.W.I. complaint against appellant on January 12, 1981. A guilty plea was thereupon entered and withdrawn on the same day. A motion to suppress appellant's admission of driving to Deputy DeBoer was filed and later denied. Findings of Fact and Conclusions of Law were entered thereupon. Appellant waived a jury trial whereupon trial was had to the court. On October 5, 1981, the trial court duly entered Findings of Fact and Conclusions of Law Upon Trial on the Merits * and Judgment of Conviction.

## ISSUES

### I.

Was it necessary for an officer, called to an on-scene vehicle accident, to give a Miranda warning as he proceeded to investigate the accident pursuant to his duties and pursuant to the appellant's duty to report an accident under SDCL 32–34–4? We hold that it was not.

### II.

Was the admission of the intoxicated appellant at the on-scene accident sufficient evidence to prove his operation of a motor vehicle and to therefore support a conviction for driving while under the influence of alcohol? We hold that it was.

### III.

Did the trial court's finding of fact that appellant did not deny operating the automobile create an illegal burden of proof for the defendant to bear? We hold that it did not. In this connection, may appellant assert the plain error rule? We hold that he cannot.

## DECISION

### ISSUE ONE

Appellant initially argues that his on-the-scene statement to the investigating officer that he was the driver of the vehicle which had just been involved in a one-car accident was not made knowingly, intelligently or voluntarily; that is, he should have been given his Miranda warnings prior to the officer asking him if he was the driver of the car. By statute, appellant was required to report his accident (SDCL 32–34–4):

The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to such other vehicle or property shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle or other property of his name, address and the name and address of the owner and the license number of the vehicle he is driving or shall attach securely in a conspicuous place in or on such vehicle or other property a written notice giving his name, address and the name and address of the owner and the license number of the vehicle he is driving and shall without unnecessary delay notify the nearest office of a duly authorized police authority. Every such stop shall be made without obstructing traffic more than is necessary.

Appellant maintains that he should not be required to comply with SDCL 32–34–4 prior to a Miranda warning because compli-

---

* This was unnecessary under our holding in

State v. Means, 268 N.W.2d 802 (S.D.1978).

ance with SDCL 32–34–4 would incriminate him in a D.W.I. offense. In this regard, the trial court entered the following conclusions of law in conjunction with appellant's motion to suppress:

## I.

The statements made to law enforcement officers by Defendant herein on January 12, 1981 were knowingly, voluntarily and intelligently made and are thus admissable [sic] in the State's case in chief upon Defendant's trial herein.

## II.

The statements made to law enforcement officers by Defendant herein, in so far as such statements were made before the warnings outlined herein, were made in the course of investigation and not in the course of custodial interrogation, and are therefore admissable [sic] in the State's case in chief upon Defendant's trial herein.

In *State v. Werlinger*, 84 S.D. 282, 170 N.W.2d 470 (1969), this Court specifically held that *Miranda* warnings are not necessary in vehicular accident cases involving initial questioning by an officer of an intoxicated driver.

■ *Miranda* only applies when the defendant is being questioned in a custodial situation. "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the factfinding process is not affected by our holding." *Miranda v. Arizona*, 384 U.S. 436, 477, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694, 725 (1966). The following findings of fact were entered by the trial court pursuant to appellant's motion to suppress:

## III.

At approximately 12:10 A.M., January 12, 1981, Aurora County Deputy Sheriff Dwight DeBoer, who resides in Stickney, South Dakota, received a telephone call that there had been an automobile accident approximately five miles south of Stickney, South Dakota. Deputy DeBoer drove to the scene of the accident in his patrol vehicle.

## IV.

Upon arrival at the accident scene, Deputy DeBoer investigated the accident by asking David Mike Bartunek and Len Bartunek preliminary questions as to whether they were injured, whether they needed medical attention, and what the extent of their injuries were. These questions were asked in order to allow Deputy DeBoer to investigate the accident.

## V.

At the same time, Deputy DeBoer inquired of David Mike Bartunek who had been driving the vehicle. David Mike Bartunek replied that he had been driving, and gave Deputy DeBoer his driver's license.

## VI.

Len Bartunek also stated that he did not have a valid South Dakota driver's license, and that David Mike Bartunek had been driving.

## VII.

Following the statements above noted, Deputy DeBoer asked some additional questions relevant to his investigation of the accident. He determined further that the vehicle in which David Mike Bartunek and Len Bartunek had been driving had gone into the ditch and damaged a fence along the highway right of way.

■ The Court's comments in *State v. Branch*, 298 N.W.2d 173, 174–175 (S.D.1980) (citations omitted), are pertinent to this issue:

In distinguishing between custodial and non-custodial interrogations this Court has looked to various criteria, including probable cause to arrest, subjective intent of the defendant, and focus of the investigation. Other factors for consideration are: nature of the interrogator; nature

of the suspect; time and place of the interrogation; nature of the interrogation; and purpose of the investigation. . . .

Police officers are not required to administer *Miranda* warnings to be imposed simply because questioning takes place in the station house or because the questioned person is one whom the police suspect. *Miranda* warnings are required only when there has been such a restriction on a person's freedom as to render him in custody.

In his brief, appellant relies heavily upon *Byers v. Justice Court for Ukiah Judicial District*, 71 Cal.2d 1039, 80 Cal.Rptr. 553, 458 P.2d 465 (1969) where the Supreme Court of California held that when statutorily required information would tend to incriminate an individual for violation of the California hit-and-run statute, an individual could not be prosecuted for failure to provide such information. From this, appellant deduces that if statutorily required information is so privileged so as to provide prosecutorial immunity, it is privileged enough to require a suspect be given his *Miranda* rights against self-incrimination.

The Defendant's reliance on *Byers* is misplaced. The State of California appealed the *Byers* decision to the United States Supreme Court and that Court, in *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), vacated and remanded the decision of the California Supreme Court. The United States Supreme Court found that there was no conflict between a state statute which requires a motorist involved in an accident to stop and give his name and address to the owner of the property damaged and the constitutional privilege against self-incrimination. The Court noted the necessity of balancing the public interest with individual protections, and felt that the

. . . mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for by statutes like the one challenged here.

*Id.* at 428, 91 S.Ct. at 1538, 29 L.Ed.2d at 17.

The Court in *Byers* further stated that the necessary disclosures must themselves confront the claimant with "substantial hazards of self-incrimination" before *Miranda* is necessary. *Id.* at 430, 91 S.Ct. at 1538, 29 L.Ed.2d at 18. We hold that such is not the case in the instant appeal where the purpose of this disclosure statute is based upon public policy and is designed to identify those involved in vehicular accidents and the causes thereof. Furthermore, the officer was conducting general on-the-scene questioning.

## ISSUE TWO

■ Secondly, appellant inferentially contends (but without specific reference to the statute) that the trial court was clearly erroneous (SDCL 15–6–52(a)) as to Finding of Fact XIV pertaining to the trial on the merits, which states:

From all of the facts and circumstances, the Court finds that Defendant was operating the motor vehicle referred to herein, at the time of the accident referred to herein.

Also pertinent are the following findings of fact which reflect the trial court's review of the evidence before him:

## VII.

At the same time, Defendant told Deputy DeBoer that he, Defendant, had been driving the vehicle at the time of the accident; Defendant's brother, Len Bartunek, stated that Defendant had been driving, since Len Bartunek had no South Dakota driver's license.

## X.

Defendant consistently maintained, directly and indirectly, from his first contact with law enforcement officers, that he was the operator of the automobile as described herein.

## XII.

Defendant instinctively responded to the question of who was driving with the answer that he, Defendant, was driving.

Because he and his brother were intoxicated, argues appellant, their respective statements concerning appellant being the driver of the car were not a proper basis for the trial court's finding that appellant was the driver of the car. Intoxication, however, does not affect the admissibility of an on-the-scene statement, but rather goes to the weight and credibility to be accorded same. *State v. Youngbear*, 229 N.W.2d 728 (Iowa 1975), cert. denied, 423 U.S. 1018, 96 S.Ct. 455, 46 L.Ed.2d 390 (1975). Here, it was within the province of the trial court to determine the credibility of evidence. *State v. Means*, supra note, at 2. The trial court found the appellant guilty. In *Means* we noted that only the State of Michigan required findings of fact and conclusions of law in a criminal case and we there expressed:

> It is otherwise universally held that a finding of guilt by a judge, sitting without a jury, necessarily includes a finding that the state has proved each material element of the crime beyond a reasonable doubt. *State v. McJunkin*, 27 Or.App. 401, 556 P.2d 164 (1976).

*Means* at 819. Therefore, the clearly erroneous rule as pertains to a trial court's finding of guilt does not come under consideration.

### ISSUE THREE

■ In its findings of fact subsequent to trial, the trial court found:

#### XI.

At no time did Defendant affirmatively or indirectly deny operating the automobile to any of the officers investigating the above-mentioned accident.

#### XIII.

Defendant has never denied that he was operating the automobile, at the time of the accident referred to herein.

Appellant now claims that these findings placed an illegal burden of proof upon him. It does not appear that during the interim when the findings of fact were served upon appellant (September 24, 1981) and when they were entered by the trial court (October 5, 1981), that any objection to said findings was made by appellant. Although the trial court did not have to enter these findings, appellant could have interposed some type of objection and failed to do so. This exact point of law was mentioned in *Means* at 819. Consequently, appellant is relegated to the plain error rule (SDCL 23A–44–15):

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court.

"To recognize the rule, however, is not to say that every error that occurs at trial rises to the level of plain error, for the plain error rule must be applied cautiously and only in exceptional circumstances." *State v. Brammer*, 304 N.W.2d 111, 114 (S.D. 1981).

■ The trial court, in finding the appellant guilty, necessarily found that appellant was driving beyond a reasonable doubt and expressly so stated in Finding of Fact XIV. However, aside from any formal findings, implicit in the Judgment of Conviction was the finding that the state had proven each element of the crime. Thus, the trial court's findings that appellant never denied being the driver of the car was a factual observation which bolstered its ultimate conclusion that appellant was the driver of the automobile; as such, we perceive no unlawful burden being placed upon appellant due to Findings of Fact XI and XIII.

Affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissent).

The majority states that appellant "inferentially" makes a clearly erroneous argument. I do not agree. Appellant argues:

> Are the admissions, if admissible, of one who is wrong in many of his other statements, who is confused and disoriented, sufficient evidence to prove *beyond a reasonable doubt* that he was the driver of the automobile, particularly when the testimony of the only witness who saw the individuals in the automobile raises a doubt as to the accuracy of

those admissions? We submit that such admissions, being the only evidence that the Defendant was driving the automobile are not sufficient to prove his guilt. (emphasis in original)

Since appellant clearly raises the issue of the sufficiency of the evidence, the majority errs in refusing to review the evidence to determine if the State has proved every element of the offense beyond a reasonable doubt.

The majority is also wrong in concluding that substantial rights of appellant were not prejudiced when the trial court based its conclusion of guilt on two separate findings that appellant never denied he was driving the car. The majority states that these findings were merely "factual observations" which did not place an unlawful burden on appellant. I also think these findings were factual observations but that they were impermissible factual observations which were relied on by the trial court as a basis for its conclusion of guilt. This court would surely reverse if a trial court allowed a jury to consider, in arriving at a verdict, their "factual observation" that a defendant had not testified in his own defense. How can we allow a judge to do what is denied to a jury.