**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**Lorraine D. CROUCHER, Defendant
and Appellant.**

No. 13713.

Supreme Court of South Dakota.

Considered on Briefs Sept. 8, 1982.

Decided Nov. 10, 1982.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Lee D. Anderson, Hanson, Kaye, Stiles & Anderson, Mitchell, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from her conviction on a charge of driving while intoxicated. SDCL 32–23–1. We affirm.

Defendant was the driver of an automobile that was involved in an accident on the outskirts of the city of Mitchell at approximately 4:45 p.m. on August 28, 1981. The state trooper who investigated the accident detected a strong smell of alcohol on defendant's breath and observed that her eyes were glassy and that her speech was slurred. Because defendant appeared to be in pain, she was taken by ambulance to a local hospital. The ambulance attendant observed that defendant's speech was louder than normal and somewhat slurred and that her eyes were slightly glassy.

Deputy Sheriff Doug Kirkus accompanied defendant to the hospital. He noticed a strong odor of alcoholic beverage on her breath and observed that her speech was slightly slurred.

After arriving at the hospital, Deputy Kirkus read the following warning to defendant:

> You have the continuing right to remain silent. Anything you say can be used as evidence against you. You have the right to consult with and have the presence of an attorney; and if you cannot afford an attorney, an attorney will be appointed for you. Do you understand these rights? . . . Do you wish to waive these rights and talk to me at this time?

Defendant answered "yes" to the questions included in the warning and then in response to questions told Deputy Kirkus that she had drunk two tall cans of beer and two mixed drinks prior to the accident.

Defendant's first contention is that the warning given by Deputy Kirkus was inadequate under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), inasmuch as it failed to advise defendant that she was entitled to consult with a lawyer prior to any questioning. Assuming, without deciding, that defendant was entitled to be given the *Miranda* warnings, see generally *State v. Bartunek,* 323 N.W.2d 121 (S.D.1982), (*Miranda* warning not required in noncustodial interrogation where officer is conducting general on-the-scene questioning), we conclude that the warning given, although certainly it could

have been clearer on this point, adequately informed defendant of her right to an attorney, especially in view of the question that asked whether defendant wished to waive "these rights," which obviously included the specifically referred to right of consultation with and the presence of an attorney, and to talk with the officer immediately. As the United States Supreme Court has stated, "This Court has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant." *California v. Prysock,* 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696, 701 (1981). We said as much in *State v. Bonrud,* 87 S.D. 130, 203 N.W.2d 793 (1973); *State v. Johnson,* 87 S.D. 43, 202 N.W.2d 132 (1972). Accordingly, we hold that defendant was not deprived of any warning due her.

Defendant's remaining contentions, that the evidence was insufficient to support the verdict and that her trial counsel failed to render effective assistance, are so clearly without merit as not to warrant discussion.

The judgment of conviction is affirmed.

All the Justices concur.

MORGAN, J., deeming himself disqualified, did not participate.