Tony L. KING, Petitioner
and Appellant,

v.

Herman SOLEM, Warden, South
Dakota State Penitentiary,
Respondent and Appellee.

No. 14837.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1985.

Decided March 26, 1986.

Thomas M. Frankman of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for petitioner and appellant.

Sherri L. Sundem, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal is from a trial court's judgment and order denying a petition for a writ of habeas corpus which was filed by Tony Leon King (King). In 1979, King was charged by a two-count information with having committed second-degree rape, in violation of SDCL 22–22–1(4) and sexual contact with a child under fifteen, in violation of SDCL 22–22–7. King was also charged in a second information for being an habitual offender, under SDCL 22–7–7. King first pled not guilty but approximately four months later returned to court and pursuant to a plea bargain pleaded guilty to the sexual contact count and to the habitual offender information. State dismissed the second-degree rape charge. At that time sexual contact was a Class 3 felony. King's guilty plea on the habitual offender information stepped the underlying felony up to a Class 2 felony, for which the maximum penalty was twenty-five years in the state penitentiary and a $25,-000 fine. The trial court sentenced King to twenty-five years in the state penitentiary. On February 1, 1984, King filed a petition for a writ of habeas corpus. After a hearing, the trial court denied the writ and later signed a certificate of probable cause. King then filed his notice of appeal. We affirm.

King raises three issues on appeal: (1) whether his guilty plea was void because SDCL 22–22–7, the statutory violation he pleaded guilty to, was unconstitutional; (2) whether his plea was knowingly, intelligently and voluntarily made when he was not informed that the statute was unconstitutional, and that the two charges, rape and sexual contact, were mutually exclusive and he could only have been found guilty and sentenced on one charge; and (3) whether he was denied effective assistance of counsel when his attorneys failed to assert the unconstitutionality of SDCL 22–22–7 and failed to advise him that he could only be convicted and sentenced on one of the two charges.

■ In his first issue, King argues that SDCL 22–22–7 is unconstitutional and his guilty plea thus void. King points out that:

Under the statutory scheme, if one has 'sexual contact' he is guilty of a Class 3 Felony, or in other words, a maximum punishment of 15 years; however, if the person actually rapes the minor, he is only guilty of a Class 4 Felony, or a maximum punishment of 10 years.

King's conclusion is that "[t]his statutory scheme is totally without any rational basis." He finds it impossible to believe that anyone could consider rape of a minor a less serious offense than sexual contact with a minor.

We "uphold legislative enactments unless they are clearly and unmistakenly unconstitutional.... All presumptions are in favor of the constitutionality of a statute and continue so until the contrary is shown beyond a reasonable doubt." *State v. Big Head*, 363 N.W.2d 556, 559 (S.D.1985) (citations omitted).

This court discussed the statutory scheme of SDC1 22–22–1(4) *vis-a-vis* SDCL 22–22–7 in *State v. Brammer*, 304 N.W.2d 111 (S.D.1981). After pointing out that SDCL 22–22–7 was enacted in 1976 to replace the prior "indecent molestation statute," the *Brammer* Court held that the legislature did not intend the sexual contact statute to apply to a touching, incidental to rape, and stated:

The obvious intent of the Legislature is to deal with those who molest young children for sexual gratification without raping them. Sexual contact is a separate and distinct offense. The Legislature imposed a more severe penalty for it than for rape.

304 N.W.2d at 114. Thus, King's reliance upon *State v. Kost*, 290 N.W.2d 482, 486 (S.D.1980), and cases from other jurisdictions, for the proposition that "the Constitution does not sanction the imposition of a greater punishment for a lesser included offense than lawfully may be imposed for the greater offense" is misplaced. These cases are inapposite. They all deal with greater penalties for "lesser included offenses." We specifically held in *Brammer, supra,* that the legislature did not intend the sexual contact statute to apply to touching incidental to rape; the two crimes are mutually exclusive, therefore, sexual contact is not a lesser included offense of rape.

King had the burden to reasonably show why the legislature's appraisal of the crime's gravity is unconstitutional. *Kost, supra.* We recognize that the legislature has the authority to define criminal acts and to set sentences for the violation thereof. *State v. Williamson*, 342 N.W.2d 15 (S.D.1983). We uphold the constitutionality of SDCL 22–22–7.

■ King's second issue, that his plea was not knowingly, intelligently and voluntarily made when he was not informed that the statute, SDCL 22–22–7, was unconstitutional is disposed of by our decision on the first issue. We then examine his argument that his plea was not knowingly, intelligently and voluntarily made when he was not informed that the two charges (rape and sexual contact) were mutually exclusive and that he could only have been found guilty and sentenced on one charge. This argument is based on the fact that everyone involved in the case at the time King pleaded guilty in 1979 believed he could be convicted on both sexual contact and second-degree rape. It was not until

two years later in *Brammer, supra,* that this court held the two were mutually exclusive and the State must choose between one or the other, at least under facts similar to those found in *Brammer.* King contends that based on his fear of spending forty years in prison, if convicted of both offenses, he pleaded guilty to sexual contact and thus the plea was not intelligently, knowingly, and voluntarily made.

As the trial court noted, even under *Brammer,* it is not the law that the two alleged crimes are always mutually exclusive. Our opinion stated: "We do not believe that the legislature intended the sexual contact statute to apply to touching incidental to rape ... sexual contact is a separate and distinct offense." 304 N.W.2d at 113. Thus, the facts in each particular case would determine whether or not the offenses were mutually exclusive. In *Brammer,* a trial was held, all the evidence was in, and it was determined that all sexual contact was incidental to the rape. The trial court pointed out that King had failed to prove to the court that the facts pertaining to his particular acts would constitute two separate crimes. Since the burden rests on the petitioner, we uphold the determination of the trial court on that issue.

█ Finally, with respect to King's third issue that he was denied effective assistance of counsel, we again note that our disposition of his constitutional challenge likewise disposes of that portion of this issue. As far as failure of counsel to advise him that he could only be convicted and sentenced on one of the two charges, we again point out that *Brammer, supra,* was decided some two years after the entry of his plea of guilty. We review the reasonableness of counsel's conduct at the time of such conduct. *Jones v. State,* 353 N.W.2d 781 (S.D.1984). "Counsel cannot be presumed to know the rulings of this court prior to their release." *State v. Iron Shell,* 336 N.W.2d 372, 375 (S.D.1983). Moreover, we note that King's conviction came as the result of a plea agreement. "[A]bsent misrepresentation or other impermissible conduct by state agents ... a

voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747, 761 (1970). King, however, argues that support for his constitutional claim existed in other jurisdictions at the time of his plea which counsel should have investigated. "[W]e do not believe that failure to raise every issue which might have support from other jurisdictions constitutes ineffective assistance of counsel." *Honeycutt v. Mahoney,* 698 F.2d 213, 217 (4th Cir.1983).

We do not hold that because counsel did not anticipate our *Brammer* decision he fell below the standard expected of adequate counsel.

The judgment and order of the trial court is affirmed.

HENDERSON and WUEST, JJ., and MILLER, Circuit Judge, concur.

MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.