634 N.W.2d 309 (2001)
2001 SD 119
In the Interest of C.H., Minor Child, and Concerning D.H. and C.H., Respondents.
No. 21788.
Supreme Court of South Dakota.
Considered on Briefs August 28, 2001.
Decided September 26, 2001.
*310 David A. Von Wald, Hoven, South Dakota, for appellant child, C.H.
Mark Barnett, Attorney General, Patricia Archer, Assistant Attorney General, Pierre, South Dakota, for appellee State.
SABERS, Acting Chief Justice.
[¶ 1.] C.H. is a minor who was adjudicated a delinquent child for the offenses of Intentional Damage to Property in the First Degree, Unauthorized Operation of a Vehicle, Minor Consumption of Alcohol, two counts of Rape in the Second Degree, and two counts of Sexual Contact with a person capable of consenting, but who did not consent. C.H. appeals only those adjudications relating to rape and sexual contact with the victim. We affirm the two rape adjudications but reverse the two sexual contact adjudications.

STANDARD OF REVIEW
[¶ 2.] Our standard for reviewing the sufficiency of evidence is well established:
In determining the sufficiency of the evidence to constitute the crime, the question is whether there is sufficient evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt.
State v. Larson, 1998 SD 80, ¶ 19, 582 N.W.2d 15, 17. This Court "will not resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence." State v. Buchholz, 1999 SD 110, ¶ 33, 598 N.W.2d 899, 905.
[¶ 3.] 1. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT ADJUDICATIONS OF BOTH RAPE AND SEXUAL CONTACT.
[¶ 4.] C.H. contends that the evidence was insufficient to support a finding of intoxication of the alleged victim preventing consent and adjudications for second-degree rape and sexual contact.
[¶ 5.] In determining the sufficiency of the evidence for the charged crime, the question is "whether there is sufficient evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt." Larson, 1998 SD at ¶ 9, 582 N.W.2d at 17. The crime of rape is defined in SDCL 22-22-1(4). SDCL 22-22-1(4) provides:
Rape is an act of sexual penetration accomplished with any person under any of the following circumstances:
(4) If the victim is incapable of giving consent because of any intoxicating, narcotic or anesthetic agent, or hypnosis[.]
[¶ 6.] To uphold the verdict of guilty, the State was required to prove beyond a reasonable doubt that the victim was incapable of giving consent because of any intoxicating, narcotic or anesthetic agent, or hypnosis. SDCL 22-22-1(4). The evidence must be viewed in a light most favorable to the guilty verdict. State v. Knecht, 1997 SD 53, ¶ 49, 563 N.W.2d 413, 421 (noting sufficiency of the evidence should be viewed in a light most favorable to the verdict). Such a viewing yields the conclusion that there was sufficient evidence to support the determination of guilt.
[¶ 7.] The record contains ample evidence to support the finding of penetration and intoxication preventing consent. Based on the evidence, the trial court determined that the victim was too intoxicated to consent to rape.
[¶ 8.] This same analysis is applicable to the sexual contact adjudications. SDCL 22-22-7.4 provides:

*311 No person 15-years of age or older may knowingly engage in sexual contact with another person other than his spouse who, although capable of consenting has not consented to such contact.
To uphold the adjudications for sexual contact, the State was required to prove beyond a reasonable doubt that the victim was capable of consenting to "sexual contact with another person," but did not consent to such contact. Viewing the evidence in a light most favorable to the verdict, there was ample evidence to show that the victim did not consent to sexual contact with C.H.
[¶ 9.] 2. WHETHER THE TRIAL COURT ERRED IN ADJUDICATING C.H. A DELINQUENT FOR TWO COUNTS OF RAPE AND TWO COUNTS OF SEXUAL CONTACT FOR THE SAME CONDUCT.
[¶ 10.] The State alleged four separate offenses against C.H. The trial court adjudicated C.H. a delinquent of two counts of second-degree rape and two counts of sexual contact with a person capable of consenting, but who did not consent.
[¶ 11.] In the case of State v. Brammer, this Court determined that "the offenses of rape and sexual contact are mutually exclusive" and held that Brammer could not be convicted of both rape and sexual contact. State v. Brammer, 304 N.W.2d 111, 114 (S.D.1981). This Court stated that it was "of the opinion that the evidence supports a conviction on a single act of rape, thereby excluding the conviction on the act of sexual contact." Id. This Court concluded that:
[t]he legislature intended the sexual contact statute to apply to touching incidental to rape. The obvious intent of the legislature is to deal with those who molest young children for sexual gratification without raping them. Sexual contact is a separate and distinct offense. The legislature imposed a more severe penalty for it than for rape.
Id.
[¶ 12.] The South Dakota legislature did not intend to allow cumulative punishments for a single act of sexual penetration. Accordingly, the two sexual contact adjudications should be vacated and the matter remanded for proceedings consistent with this opinion.
[¶ 13.] KONENKAMP, AMUNDSON and GILBERTSON, Justices, concur.
[¶ 14.] MILLER, Retired Chief Justice, having been a member of the Court at the time this action was submitted to the Court, did not participate.