2002 SD 124

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Anselem H. RUMPCA, Defendant and Appellant.**

**No. 22154.**

Supreme Court of South Dakota.

Considered on Briefs May 28, 2002.

Decided Oct. 09, 2002.

---

796

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Patricia de Hueck of de Hueck Law Firm, Pierre, South Dakota, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.]   Anselem Rumpca appeals from a judgment finding him guilty of trespass-hunting without permission ·in violation of SDCL 41–9–1.  We affirm.

## FACTS

[¶ 2.] John Weber is a rancher who lives in rural Draper in Jones County, South Dakota. At 4:30 in the afternoon on October 29, 2000 he saw Rumpca and his son Aaron hunting on the east side of the road adjacent to land he owned. He watched as "they stopped and got out of the pickup and run [sic] up to shoot and shot approximately 75 feet into on [sic] my land." The pheasants were getting up on his land, not on the road right-of-way. Weber was sure that Rumpca shot at the birds over his land. He had not given him permission to do so.

[¶ 3.] Rumpca told a different version of events. He and his son saw a half dozen birds in the east side ditch. He stopped, jumped out, and fired one shot at a bird that "jumped up" from the ditch. Rumpca thought he had missed the pheasant until he saw it collapse 50 yards into the pasture. He took his six-month-old pup to retrieve the bird.

[¶ 4.] The court trial took place on December 19, 2000 and April 10, 2001. Weber and Rumpca testified both days. The court filed a letter decision finding Rumpca guilty of trespass hunting without permission. SDCL 41–9–1. It asked the State to submit findings of fact, conclusions of law and a proposed judgment. Rumpca was told to respond with objections, if any, and to submit his own proposed findings, conclusions and judgment. Both parties did so. The court rejected each parties' proposals and entered its own findings.

## ISSUE

[¶ 5.] **Did the trial court err in finding Rumpca guilty, beyond a reasonable doubt, of trespass-hunting without permission in violation of SDCL 49–9–1?**

## DISCUSSION

[¶ 6.] Rumpca contends that the trial court was clearly erroneous in finding that he shot the bird while it was flying over Weber's land. This finding, he submits, was based on Weber's testimony and Weber "is less than credible."

[¶ 7.] Rumpca's contention fails for two reasons. First, the trial court is in the best position to assess the credibility of witnesses, weigh conflicting evidence, and observe both first hand. *State v. Rinehart,* 2000 SD 135, 617 N.W.2d 842. These are not matters for a reviewing court. *State v. Frazier,* 2001 SD 19, 622 N.W.2d 246.

[¶ 8.] Second, written findings of fact and conclusions of law are not required in criminal cases. *State v. Means,* 268 N.W.2d 802 (S.D.1978). A finding of guilt by a judge, sitting without a jury, necessarily includes a finding that the state has proved each material element of a crime beyond a reasonable doubt. *State v. Bartunek,* 323 N.W.2d 121 (S.D. 1982). "Therefore, the clearly erroneous rule as pertains to a trial court's finding of guilt does not come under consideration." *Id.,* 323 N.W.2d at 126.

[¶ 9.] Rumpca also contends that, even if he did shoot the bird while he was in the right-of-way and the bird was over Weber's land, casting shot over private land from a public roadway is not trespass.

[¶ 10.] SDCL 41–9–1 provides:

Except as provided in § 41–9–2, no person may fish, hunt or trap upon any private land not his own or in his possession without permission from the owner or lessee of such land. A violation of this section is a Class 2 misdemeanor and is subject to § 41–9–8.

Hunt (or hunting) is defined as including "shooting, shooting at, pursuing, taking,

attempting to take, catching or killing any wild animal or animals." SDCL 41–1–1(14). Thus shooting or shooting at a pheasant [1] flying over private property constitutes hunting and is prohibited under SDCL 41–9–1 unless the hunter owns or possesses the land or has the permission of the owner or lessee.[2]

■ [¶ 11.] By shooting at a bird flying over Weber's land Rumpca was engaged in hunting, violated SDCL 41–9–1, and entered Weber's private property. One of the consequences of that action is the revocation of hunting privileges for a year. SDCL 41–9–8 provides:

> Any person who knowingly enters or remains on private property for the purpose of hunting, fishing or trapping in violation of § 41–9–1 or 41–9–2, shall have his hunting, trapping or fishing privileges revoked for one year following such conviction. If the person is the holder of a license to hunt, trap or fish, the court shall require the license holder to surrender and deliver the license to the court to be returned to the Department of Game, Fish and Parks. For the purpose of this section, the term "guilty" has the same meaning as the term "conviction" in § 32–12–53.

> Unarmed retrieval of lawfully taken small game from either private land or land controlled by the Department of Game, Fish and Parks or other public lands, is not a crime or petty offense, provided that such retrieval of small

game does not involve the use of a motor vehicle.

> This section may not be construed to limit the civil remedies available to any landowner.

■ [¶ 12.] SDCL 41–9–8 does allow for the unarmed retrieval of lawfully taken small game [3] from private land. The South Dakota Attorney General has observed that:

> It is important, however, to note that when a person relies on a statutory justification for trespass, he must bring himself fully within its terms. 87 CJS *Trespass* § 53. If a hunter expects to enjoy the statutorily created exception to trespass he must comply strictly with the terms. A hunter:
>
> 1. Must shoot the bird in a lawful manner, and in a lawful place.
> 2. Must be unarmed when he enters on private land.
> 3. Must be on foot.
> 4. Must be proceeding towards a downed game bird or small game animal.

Unarmed retrieval is a very narrow affirmative defense for trespass. Any hunter who does not meet the criteria listed above would have no statutory justification for entering private property. *Hunters may not shoot game on private property from a road ditch or public property and then proceed on that private property to retrieve the game unlawfully taken.* Neither may

---

1. A pheasant is a wild animal. SDCL 41–1–1(28).

2. This conclusion under South Dakota law is consistent with the Restatement (Second) of Torts § 158(a) and § 159(1). Under the law of trespass one is subject to liability if he intentionally enters the land in the possession of another, or causes *a thing* or third person to do so. § 158(a). Additionally, a trespass may be committed on, beneath, or above the

surface of the earth with exceptions for flight by aircraft. § 159(1). Consequently, a hunter hunting birds on a public pond who fires a shot across private land which lands into another public body of water is guilty of trespass. Illustration 4, § 159(1). *See* Illustration 6, § 159(a).

3. A pheasant is small game. SDCL 41–1–1(24).

hunters enter private property under the pretext of looking for downed game in an effort to flush wild game from private property to a public right of way or public hunting area. Hunters must be very careful and responsible in exercising this limited privilege that SDCL 41–9–8 now provides.

1981 OpAtt'yGen 36 at 88 (emphasis added). While attorney general opinions are not binding on the court, they can be considered in construing statutes. *Simpson v. Tobin,* 367 N.W.2d 757 (S.D. 1985). In the case of SDCL 41–9–8, it is persuasive.

[¶ 13.] By shooting at a pheasant over Weber's land Rumpca violated SDCL 41–9–1. Because the pheasant was not taken in a lawful manner, revocation of his hunting license was proper under SDCL 41–9–8.

[¶ 14.] The judgment is affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and ZINTER, Justices, participating.