Argued June 6, affirmed September 7, 1967

STATE OF OREGON, *Respondent, v.* HARLAN
VALE VOSHELL, *Appellant.*

430 P. 2d 1010

*Oscar D. Howlett,* Portland, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

This is an appeal from a judgment of conviction of the crime of burglary not in a dwelling. Defendant pleaded not guilty and waived a trial by jury. Trial was commenced on March 4 before the court. Thereafter a comedy of errors ensued. Defendant, before

completion of the state's case, requested permission to change his plea. The request was granted. The judge assumed that defendant thereafter pleaded guilty. He did not. Nevertheless a plea of guilty was entered by the court and a presentence investigation was secured. On April 19, defendant was sentenced to serve five years imprisonment in the penitentiary. Prior to the execution of the sentence, the judgment of conviction and sentence were set aside on May 26 at defendant's request. A new trial was also directed. The order directing a new trial was vacated on July 21, after the expiration of term time, and defendant was required to continue the original trial, which concluded with his conviction.

Defendant contends that he should have been allowed a complete retrial of the case and that it was error to require him to continue the original trial.

■ The trial court properly set aside the judgment and sentence based upon the non-existent plea. In the absence of a plea of guilty or conviction by trial, the court had no authority to enter a judgment of conviction. *People v. Sturdy,* 235 Cal App 2d 306, 311, 45 Cal Rptr 203 (1965).

■■ The order vacating the judgment also directed that a new trial be had. Later, the court set aside the direction on the grounds it had no authority to grant a new trial under ORS 17.605, et seq. A motion for a new trial is not a proper way to question the validity of a plea of guilty. *Williams v. United States,* 290 F 2d 217, 218 (5th Cir 1961). "* * * as there never was a trial * * *, the proper remedy [is] a motion to vacate the judgment and withdraw the plea." *Pritchard v. State,* 210 NE2d 372, 373 (Ind 1965). See also *Pulaski v. State,* 23 Wis 2d 138, 126 NW2d 625 (1964), cert den 379 US 862, 13 Led 2d 65, 85 S Ct

124 (1964). In the instant case, there was no completed trial, since the judgment of conviction was based upon the non-existent plea of guilty. Therefore, the trial court was within its authority in vacating the order for a new trial and directing that the original trial be continued.

■ ORS 1.055(2) has eliminated the requirement that an order be vacated during term time. The only requirement is that an order be vacated within a reasonable time. *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961). This court is not prepared to say that, under the circumstances, an unreasonable length of time elapsed between May 26, when the order granting the new trial was made, and July 21, when the order of vacation followed.

■■ Defendant contends he was entitled to a mistrial because the trial court was under the impression defendant desired to plead guilty and because at the time of the abortive sentence the defendant's prior record was disclosed to the court. In the absence of prejudice appearing in the record, and there is none here, the presumption is that a trial judge is not prejudiced by irrelevant information that has come to his attention. *Brackett, exec. v. U. S. Nat. Bank,* 185 Or 642, 654-655, 205 P2d 167 (1949).

■ Defendant also contends that he should have been granted a mistrial because he was compelled to proceed with the continuation of the trial represented by different counsel than counsel who represented him at the first part of the trial. After his first "conviction" defendant replaced former trial counsel with present counsel. Defendant may have been entitled to a continuance to afford time prior to proceeding with the trial to re-engage or to consult former counsel. However, defendant was not entitled to a mistrial be-

cause it was his own voluntary act of changing lawyers that rendered continuous representation by one lawyer impossible. Present counsel had a transcript of the first part of the trial and we believe no prejudice resulted from his non-participation therein.

■ Defendant also contends that he was denied a fair trial because he was not present in chambers when his first counsel and the deputy district attorney had an extended conference with the judge. This contention was made before the conclusion of the proceedings in the trial court and defendant's original attorney was called as a witness and testified that nothing was discussed relative to the merits of the case. There was no error.

The judgment of the trial court is affirmed.