Argued October 22, affirmed November 15, reconsideration denied
December 22, 1976, petition for review denied January 25, 1977

# STATE OF OREGON, *Respondent,*
## *v.*
# ARTHUR LEE McJUNKIN, *Appellant.*
## (No. 75-4965, CA 6452)

556 P2d 164

*F. William Honsowetz,* Eugene, argued the cause for appellant. With him on the brief were Gardner & Honsowetz, P.C., Eugene.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction of attempted first degree rape. (ORS 163.375(1)(b)). He raises two issues: first, the admissibility of an array of photographs used for identification purposes, and second, whether the acts proved were sufficient to constitute an attempt.

The matter was tried to the court without jury. The victim, a nine-year old girl, testified that she was in a supermarket parking lot when defendant, seated in his pickup started talking to her. From the record we may paraphrase the colloquy between defendant and the complainant. Defendant asked how old she was and she replied "nine." He then asked her birthday, after her response he asked "can I give you a ride?" When she declined this offer he said "I'll pay you." She again declined. Using a coarse street term defendant asked if she had ever had intercourse, to which she answered "no." He then, again using the street term, said he sure would like to have intercourse with her.

At this juncture the complainant ran toward her home and the defendant drove away. The girl obtained the license number of the pickup and observed in which direction the pickup had gone.

The police were immediately called and took the girl to defendant's home where she identified him as the man who had talked to her. This occurred about a half-hour after the incident in the supermarket parking lot.

Six months later, and a day before the trial, the complainant was shown five photographs of different men from which she selected defendant's picture as that of the man who had spoken with her. At trial defendant objected to the introduction of the photographs on the ground the process of photographic identification was unduly suggestive. His objection was overruled; he assigns this as error.

We agree with the trial court's ruling. The complainant made an in-court identification of defendant;

this was not challenged. He makes no contention the in-court identification was tainted by the photographic identification process held the day before trial.

■ The defendant's position is summarized in this quotation from his brief "* * * the procedure used by the State in having isolated the Defendant with the victim shortly after the incident tainted any subsequent photo lineup." On-the-scene confrontations, shortly after the crime, between witnesses and suspects is an acceptable means of identification. *State v. Madden,* 1 Or App 242, 461 P2d 834 (1969).

The United States Supreme Court, in *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967), and *Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967), departed from the traditional rule that the manner in which an extrajudicial identification is conducted affects only the weight and not the admissibility. The court then in *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968), applied this principle to pretrial identification by photographs and stated that such identifications

"* * * will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. * * *"

■ Applying that standard to this case we conclude that neither the procedure followed nor the series of photographs used was impermissibly suggestive. The photographs were relevant to connect the defendant with the crime and were properly received.

At the close of the state's case defendant moved for judgment of acquittal, and at the close of his defense for directed verdict, contending both times there was not sufficient evidence to support a conviction for attempt. Both motions were denied and defendant raises these denials as his second and third assignments of error. We deal with them together.

The only transaction upon which the conviction was

based was the conversation in the parking lot. The issue is whether that set of facts rose to the level of a "substantial step" toward the commission of the crime of rape. ORS 161.405(1).[1]

The legislative history embodied in the commentary to the Oregon Criminal Code of 1971, sheds some light on the meaning of "substantial step."

> "* * * [T]he Model Penal Code states that to be a substantial step the act must be 'strongly corroborative of the actor's criminal purpose.' The Model Penal Code then proceeds to list the kinds of acts which could be held to be substantial in light of the 'strongly corroborative' provision. The Commission [Criminal Law Revision Commission] believes that the listing of these specific kinds of acts more properly belongs in the section comments as a matter of legislative history. * * *"

The comments list includes the following:

> " '* * * * *
>
> " '(b) enticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission;
>
> " '* * * * *' " Oregon Criminal Code of 1971, 49 (1975 ed).

■ Considering the age of the contemplated victim seeking to entice her into the pickup with an offer of money coupled with the expressed desire to have intercourse with her was sufficient evidence to support the court's decision.

■ Defendant's final assertion of error claims the court failed to make a finding of fact beyond a reasonable doubt that defendant's conduct constituted a substantial step toward commission of rape in the first degree. The finding of guilty necessarily includes a finding the state had proved each material element of the crime beyond a reasonable doubt.

Affirmed.

---

[1] "A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."