Argued and submitted August 23, affirmed November 5, 1979

STATE OF OREGON,
*Respondent,*
*v.*
THOMAS EUGENE EVANS,
*Appellant.*

(No. C78-02-01934, CA 12823)

602 P2d 317

David E. Groom, Salem, argued the cause for appel-lant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendant was indicted in two counts for attempted rape in the first degree (ORS 161.405, 163.375) and attempted sodomy in the first degree (ORS 161.405, 163.405):

### "COUNT I

"The said defendant, on or about January 8, 1978, in Multnomah County, State of Oregon, did unlawfully and knowingly, attempt to engage in sexual intercourse by forcible compulsion, with \*\*\* contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

### "COUNT II

"As part of the same act and transaction alleged in Count I herein, the defendant is accused of the crime of ATTEMPTED SODOMY IN THE FIRST DEGREE committed as follows:

"The said defendant, on or about January 8, 1978, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, by forcible compulsion, attempt to engage in deviate sexual intercourse with \*\*\* contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

A jury trial resulted in convictions on both counts. The court sentenced defendant to a term not to exceed five years on each count, the sentences to run concurrently.

The charges arose from an incident which occurred in the afternoon of January 8, 1978, at the running track at Portland Community College. The prosecutrix was jogging. When she heard someone behind her, she turned and saw the defendant, who she thought was naked, following her. She continued to jog toward the area where her car was parked. He cut across the track and stopped her near the exit. At that time she realized that he was in fact naked and that he was also masturbating.

Defendant told her that he knew where her car was

parked and that she was not going to go there. He prevented her exit. She then ran in the direction of another exit, but he caught up with her and said that he would not hurt her if she cooperated. He continued masturbating and said that all he wanted to do was look at her. He told her to pull down her pants and to lift up her shirt. She complied because he told her he would not hurt her if she did what he said. He then started walking toward the prosecutrix and stated: "Suck me or I'll bang you." She turned and ran in the direction of a man with some dogs who had just come on the track.

Defendant first assigns as error the court's denial of his motion to require the state to elect between the charges of attempted rape in the first degree and attempted sodomy in the first degree. He asserts that he did not have the intent to commit both crimes because he phrased his order to her as alternatives.

ORS 163.375 defines rape in the first degree:

"(1)   A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a)   The female is subjected to forcible compulsion by the male; or

"(b)   The female is under 12 years of age; or

"(c)   The female is under 16 years of age and is the male's sister, of the whole or half blood, his daughter or his wife's daughter.

"(2)   Rape in the first degree is a Class A felony."

Sodomy in the first degree is defined as:

"(1)   A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a)   The victim is subjected to forcible compulsion by the actor; or

"(b)   The victim is under 12 years of age; or

"(c)   The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, his son or daughter or his spouse's son or daughter.

[98]

"(2) Sodomy in the first degree is a Class A felony." (ORS 163.405.)

In order to be guilty of an attempt to commit rape in the first degree or sodomy in the first degree, the defendant must "intentionally engage in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405. Thus, attempts have a necessary element of intent to complete the crime. *State v. Booth*, 30 Or App 351, 567 P2d 559 (1977), *aff'd* 84 Or 615, 588 P2d 614 (1978).

In this case, there was evidence to justify the jury's verdict that defendant attempted to rape and sodomize the victim. *State v. Zauner*, 250 Or 105, 441 P2d 85 (1968); *State v. Krummacher*, 269 Or 125, 523 P2d 1009 (1974). He prevented her from leaving the track. He threatened her with harm if she did not do as he said. He ordered her to take off her clothes. He was naked and masturbating. He approached her and stated that she was going to be sodomized or raped. He expressed an intention to exercise forcible compulsion. The jury was entitled to conclude that defendant had the conscious objective (ORS 161.085(7)) to engage in sodomy in the first degree and rape in the first degree and had taken a substantial step toward commission of the crimes.

Defendant's argument that his intent was expressed in the alternative is not persuasive. His statement was not conditional. By that statement he showed his intent to commit the offenses, and he placed the victim in fear of both offenses. *Cf. State v. Steele*, 33 Or App 491, 577 P2d 524 (1978), *rev den* 285 Or 195 (1979). The grammatical argument is a classic exaltation of form over substance.

Defendant also asserts that the trial court erred in not granting his motion for a mistrial based on prosecutorial misconduct in closing argument. He contends that the prosecutor injected his personal knowledge

[99]

and opinion.[1] The trial judge's reasons for denial of the motion were:

"THE COURT: Your motion is denied for the following reasons: First, in the context that they were given I did not construe them to be personal comments. If they were personal comments, I would have taken the appropriate action to advise Mr. Hurd that he is not to inject his personal feelings in his argument. There is sometimes a very difficult line to be drawn between when a person is asking a jury to accept certain statements of fact as to whether or not the attorney is saying this is his opinion versus, 'I submit to you, you are to find from these facts.' In any event, I found that they were not statements made by Mr. Hurd. There was no statement of his own personal opinion, but which is reasonable bounds of argument. Second, that if it was in a gray area, that by my instructions that I did give, that the statements and arguments of attorneys are just exactly that, statements and arguments, and not to be given any more weight than that, the fact that they are arguments and not evidence, would cure it. Also the fact that I added into the instructions that the jury was not to allow not only bias or sympathy any place in their deliberations, but public opinion or public feelings. I felt that that would cure it, if there was any possible

---

[1] The pertinent part of the prosecutor's closing argument was as follows:

"[Prosecutor]: *** Rape and crimes like this are not ones, ladies and gentlemen, that are committed in broad daylight in downtown Portland with 50 witnesses. It's a secret crime. It's a one-on-one crime when it's committed. We have relied on that person who was victimized, came in court, identified the man who did it. I would submit to you, you could sit on juries in this country for six months a year and maybe more and never see a witness as sure and as together—

"[Defense Counsel]: Objection Your Honor.

"[Prosecutor]: — as [prosecutrix].

"[Defense Counsel]: This is not in evidence.

"THE COURT: It's argument. The manner in which it is stated is argument. I will overrule the objection.

"[Prosecutor]: She's a superb witness. She's a together lady. This happened to her and she came in here and identified this man. Don't say to her by your verdict this was all for nothing and lost. ***"

improper comment. Your motion is denied. You have your record."

We agree with the court's assessment of the prosecutor's comments. He did not include in his argument any reference to his own knowledge of facts not in the record. "Absent abuse, the control of closing arguments is left to the trial judge, who has broad authority to control the conduct of the trial." *State v. Goodin*, 8 Or App 15, 492 P2d 287 (1971), *rev den* (1972).

Affirmed.