HONORABLE JAMES B. WHEELIS, DISTRICT JUDGE,*
delivered the opinion of the Court.
*226 Montana Power Company (MPC) appeals from a judgment entered in the Silver Bow County District Court, the Honorable Mark P. Sullivan presiding, affirming an order of the Public Service Commission (PSC) which set allowable electric rates.
In April 1980 MPC filed an application for electric rate increases with the PSC. In its request MPC asked the PSC to accept, as a part of the rate base, money expended by the company in obtaining coal from Western Energy Company (Western Energy). Western Energy is MPC’s wholly-owned subsidiary and supplies 100 percent of the coal need for MPC’s coal-fired generators in Colstrip and Billings. MPC accounts for approximately 15 percent of Western Energy’s annual coal sales with the remaining 85 percent of sales being made to other utilities and manufacturing concerns.
During the hearing on the rate increase request, the PSC heard testimony on two different methods for monitoring the reasonableness of the price MPC pays for its coal. First, MPC suggested the use of the “market price” method: an examination of the price charged in the marketplace for similar sales in comparison to those being charged by the subsidiary to the parent; if a favorable comparison is found, the price is deemed reasonable and no adjustment is necessary. Second, the Montana Consumer Counsel suggested the “rate of return” method, which called for an examination of the return being earned by the subsidiary on its sales to the parent; an excessive rate of return requires an adjustment.
In support of the “market price” method, MPC submitted a study prepared by Arthur D. Little, Inc., a firm of national prominence in the field of coal supply contracts. MPC requested Arthur D. Little, Inc., to solicit and evaluate bids from coal suppliers. After receiving bids from nine companies, Arthur D. Little, Inc., found that Western Energy’s price was the lowest price available to MPC’s Billings plant. The Colstrip plants were not included in the study *227 because the existing contracts had not expired.
In support of the “rate of return” method, the Consumer Counsel’s expert witness, John W. Wilson, presented evidence that compared Western Energy’s profits with those of other coal companies. Wilson’s approach characterized Western Energy’s profitability of more than 20 percent on equity capital as excessive when computed to the 13.5 percent average for the other coal companies used in his comparison.
In December 1980, after analyzing the evidence presented, the PSC chose to rely on the “rate of return” method suggested by the Consumer Counsel and rejected the “market price” method suggested by MPC. The PSC found 13.5 percent to be a reasonable rate of return on coal sold by Western Energy to MPC and ordered $900,730 of MPC’s request be disallowed.
An appeal of the PSC order was taken to the District Court by MPC. After review, the court held that: (1) the evidence presented to the PSC showed that the rate of return established by the PSC compares closely to other coal companies; (2) MPC offered no substitute for what it thought the return figure should be, nor did it offer any evidence to support a higher rate of return; (3) MPC, in its rebuttal of Consumer Counsel’s witness Wilson, offered no evidence that Wilson’s comparable coal industry earnings exhibit was faulty; and, (4) MPC did not sustain its burden of proof as to the order of the PSC being unlawful or unreasonable.
MPC now appeals to this Court claiming that: (1) the PSC failed to give effect to the decision in Montana-Dakota Utilities Co. v. Bollinger (1981), Mont., 632 P.2d 1086, 38 St.Rep. 1221; (2) the PSC and the District Court erred by ignoring MPC’s substantial evidence which demonstrated that Western Energy’s coal price was the lowest available coal price under competitive market conditions; and, (3) the Montana Consumer Counsel’s evidence which the PSC adopted in imposing a rate of return limitation on *228 Western Energy’s profitability is inherently flawed.
Appellant MPC contends that the PSC should not have used the “rate of return” method because a competitive market was shown to exist and Western Energy’s coal was the lowest priced coal available to MPC. It asserts the cost claimed by MPC should not have been deemed excessive.
Respondent contends that the use. of the 13.5 percent profitability average was not improper. The interest of the PSC is to see that MPC does not reap an unfair profit on its investment in its subsidiary by allowing the subsidiary to overcharge the parent for coal when the coal expense will be passed on to the ratepayers.
A very similar situation was presented to this Court in Montana-Dakota Utilities Co. v. Bollinger (1981), Mont., 632 P.2d 1086, 38 St.Rep. 1221. Montana-Dakota Utilities Co. (MDU) had requested an increase of its electric utility rates. In its request, MDU asked the PSC to accept, as part of the rate base, money expended by the company in obtaining coal from Knife River Coal Company (Knife River), a wholly-owned subsidiary of MDU. The PSC used a “rate of return” method to reduce the return on investment from approximately 33 percent to 12.124 percent (the rate of return allowed to MDU on its overall operation).
Apparently, MPC has misunderstood our decision to remand Montana-Dakota Utilities to the PSC. MPC would interpret our decision to hold that, once a competitive marketplace is established, the “market price” method must be used by the PSC. We did not so hold. We remanded that case to the PSC, not because the PSC chose to use the “rate of return” method, but rather because the PSC did so without sufficient evidence to support its findings. Montana-Dakota Utilities, 632 P.2d at 1091, 38 St.Rep. at 1227.
We did state a preference for “the PSC to use a marketplace cost of coal approach, if it can obtain sufficient facts for its determination, rather than using the rate of return method.with all of its difficult theories and computations.” Montana-Dakota Utilities, 632 P.2d at 1092, 38 St.Rep. at *229 1228. It was, however, recognized that the PSC has the right to choose the method followed. The PSC should not be restricted to any single formula so long as the method followed and the order entered when applied to the facts and viewed as a whole do not produce an unjust or arbitrary result. 632 P.2d at 1091, 38 St.Rep. at 1227.
The PSC is vested, by statute, with the duty to supervise and regulate the operations of public utilities and to see that rates are just and reasonable. Section 69-3-330, MCA. This Court cannot substitute its judgment for that of the PSC. Our function is to determine whether the PSC acted arbitrarily and unreasonably without sufficient evidence to support its findings. Mountain States Telephone & Telegraph v. Dept. of Public Service Regulation (1981), Mont., 624 P.2d 481, 38 St.Rep. 165.
In Montana-Dakota Utilities we remanded the case to the PSC with instructions to:
“... hold an additional hearing to determine the following: (1) if rate of return is used, a factual basis for the rate of return allowed Knife River considering its assets and rate of return on a marketplace basis comparable to other coal companies; or (2) in the event market cost of coal is used, sufficient facts to support the PSC determination of the fair market price for coal.” 632 P.2d at 1092, 38 St.Rep. at 1228. We did not hold that the PSC must use a “market price” method if a competitive marketplace can be established; the choice of methods is left to the PSC.
In the instant case, the PSC chose to apply a “rate of return” method in an effort to determine the reasonableness of the price paid by MPC for Western Energy coal. Our inquiry is limited to determining whether substantial evidence was presented to support the PSC’s decision or if the decision was unjust or arbitrary.
On appeal, MPC contends the PSC’s reliance upon the testimony of Montana Consumer Counsel witness John W. Wilson is erroneous. MPC claims Wilson’s study is not an accurate study of the entire industry. Wilson found West *230 ern Energy earned a 20 percent return on equity capital every year since 1974. Wilson testified that the industry average equals 13.5 percent. MPC now claims Wilson collected arbitrary data which does not accurately reflect the coal industry. In its rebuttal testimony at the PSC hearing, however, MPC did not challenge the accuracy or probative value of that testimony. MPC, in rebuttal, merely reasserted its original position that the PSC should rely on MPC’s testimony. No foundation objections were made by MPC concerning the exhibits used by Wilson.
MPC is essentially challenging Wilson’s testimony for the first time on appeal. The MPC is offering this Court an invitation to judge the credibility and weight of factual evidence which is not part of the record which MPC itself ignored, overlooked, or misinterpreted at the administrative level — the PSC hearing. This we will not do. This Court has previously recognized that limited judicial review strengthens the administrative process. “Limited review encourages the full and complete presentation of evidence to the agency by the participants in the administrative process by penalizing those who attempt to add new evidence or new lines of argument at the judicial review level.” Vita-Rich Dairy, Inc. v. Dept. of Business Regulation (1976), 170 Mont. 341, 343-344, 553 P.2d 980, 982.
It is an axiom of utility law that a utility seeking increased rates has the burden of showing its claims are reasonable. The MPC did not object to the foundation of the Consumer Counsel’s witness’s exhibit. The PSC was entitled to believe and accept the evidence as presented by the Consumer Counsel’s witness and to reject the evidence presented by MPC. So long as the record supports the decision, that judgment must stand. It is not required that a person be knocked down by a gale before he knows which way the wind is blowing. All that is required is that the evidence is capable of being believed. In the instant case, unlike Montana-Dakota Utilities Co. v. Bollinger, supra, the record supports the decision made by the PSC. There was *231 ample evidence presented by Consumer Counsel’s witness John W. Wilson that Western Energy profitability (20 percent) was above that of the average for the industry (13.5 percent). The PSC chose to make the necessary adjustments in the amount that MPC was allowed to pass on to the ratepayers.
MPC cannot wait until appeal to challenge the evidence and testimony of the Consumer Counsel. MPC did not sustain its burden of proof as to the order of the PSC being unlawful or unreasonable.
We hold that the PSC’s decision is supported by substantial evidence and fully meets the standards and guidelines established in Montana-Dakota Utilities Co. v. Bollinger, supra.
Affirmed.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE MORRISON and the HONORABLE BYRON L. ROBB, DISTRICT JUDGE*, concur.

 Sitting in place of MR. JUSTICE SHEA.