Argued and submitted November 12, 1982, resubmitted In Banc March 9, affirmed
June 15, reconsideration denied August 5, 1983 (295 Or 730)

# STATE OF OREGON,
*Respondent,*

*v.*

# CHRISTOPHER CONRAD BENSON,
*Appellant.*

## (10-81-08273; CA A24326)

664 P2d 1127

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

GILLETTE, J.

Joseph, C. J., dissenting.

Warden, J., dissenting.

## GILLETTE, J.

Defendant appeals from his conviction for attempted first degree rape and sexual abuse in the second degree. He argues that there was insufficient evidence to support the attempted rape conviction, that testimony by the victim was improperly admitted and that the jury was improperly instructed. We affirm.

The facts are essentially undisputed. The victim was a 26-year-old female who was bicycling to work in Eugene at about 7:30 a.m. on August 27, 1981. There was very little automobile traffic at the time and, with the exception of one witness, no other persons were in the area. There were few buildings in the area. Defendant followed the victim on his bicycle. Although it was a fairly warm August morning, defendant wore gloves and covered his face with a bandana. As the victim approached a portion of the bicycle path adjacent to some shoulder-high weeds, defendant grabbed her left breast with his right hand for about two or three seconds. He then grabbed her left arm for a few seconds. Although defendant held the victim firmly, she was able to stay on her bicycle. Defendant broke his grip when the bicycles began to wobble. A witness to the incident yelled, "Hey," when he saw the struggle taking place.

Defendant pedalled ahead and turned down the next intersection. The witness followed defendant and eventually discovered his place of work and his identity. The victim continued on to work and called the police. During the initial police investigation, defendant denied that he had had any contact with the victim. Later, he admitted that he grabbed her breast, but denied any intention to rape her.

Defendant first assigns as error the court's denial of his motion for judgment of acquittal on the attempted first degree rape count. He argues that no rational trier of fact could find defendant guilty of attempted rape, citing *Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979).

In relevant part, defendant is charged with attempting[1] to have sexual intercourse with the victim by subjecting

---

[1] "Attempt" is defined by ORS 161.405:

"(1) A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

her to forcible compulsion.[2] Defendant must be found to have intentionally engaged in conduct that constitutes a substantial step toward commission of the crime with the intent to complete the crime. *State v. Evans,* 43 Or App 95, 99, 602 P2d 317 (1979). The real issue in the present case is not whether defendant's conduct could be found to constitute a "substantial step" toward commission of the crime, but whether the circumstantial evidence was sufficient for the jury to infer that defendant intended to complete the crime, *i.e.,* that he intended to have sexual intercourse by subjecting the victim to forcible compulsion. We conclude that there was sufficient evidence.

The jury could find the following. Defendant followed the victim in the early morning to an area where there were few people or cars and high weeds and thick underbrush. He covered his face with a bandana and wore gloves to hide his identity from the victim. He grabbed her breast firmly for a few seconds and then grabbed her arm in an attempt to stop her or get her off the bicycle. He let go only after hearing a passerby yelling at him. It was only because of the victim's ability to maintain control of her bicycle and the approach of the passerby that nothing further happened. The jury was entitled to conclude that defendant had the intent to engage in first degree rape and had taken a substantial step toward commission of that crime.

Defendant next assigns as error the admission of the victim's statement concerning her fear that defendant could rape her:

"Q. [PROSECUTOR]: During the time that you were in contact with Mr. Benson when he grabbed your breast and grabbed your arm, what was your state of mind?

"A. [VICTIM]: I was frightened.

"Q. Anything else?

---

[2] "Forcible compulsion" is defined by ORS 163.305(2):

" 'Forcible compulsion' means physical force that overcomes earnest resistance; or a threat, express or implied, that places a person in fear of immediate or future death or serious physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped." ORS 163.305(2)

"A. I felt that my life was in danger and that unless I could pull away from this man that I would be in trouble.

"Q. In what way do you think you'd be in trouble?

"[DEFENSE COUNSEL]: Excuse me but I'm going to renew my objection to that and our objection to the last question and move that it be stricken and ask for a continuing objection to this entire line of questioning on the 701 grounds.

"THE COURT: Your motion is denied. The continuing objection is granted.

"[DEFENSE COUNSEL]: Very well.

"A. *I realized that because of the area and what was happening that if he could get me off my bike and pull me into the bushes that were nearby that he could rape me.*" (Emphasis supplied.)

Before trial, defendant made a "motion in limine" to exclude the above testimony:

"COMES NOW the defendant and hereby moves the court for an Order excluding all evidence of opinions on the part of any witnesses as to the intention of the defendant and specifically prohibiting such witnesses from giving any such opinions upon the grounds and for the reason that,

"1. Such opinions' prejudicial effect outweigh any possible probative value, and

"2. Such opinions cannot, as a matter of law, be rationally based upon the perception of the witness, and

"3. Such opinions are not helpful to the determination of the material issues of fact herein, and,

"4. Such opinions would preclude the defendant from being tried by an impartial jury in that they would unduly and improperly influence said jury,

and further prohibiting any and all mention thereof or reference thereto in the presence of the jury herein."

The court reserved ruling on the motion, but, as indicated, admitted the testimony at trial.

The state argues that the victim's testimony that she "realized" defendant could rape her constitutes an explanation of her own state of mind and her reasons for resisting defendant. It was not error to permit the victim to testify as to her state of mind at the moment of the attack. *See State v.*

*Wright,* 12 Or App 73, 77, 504 P2d 1065 (1973); OEC 803(3). We think the testimony had another component—it was a physical description of the area and a summary of the physical facts surrounding the assault. It was admissible for that purpose, as well.

■        Defendant's last assignment of error concerns the instruction given on the attempted rape charge, to which he excepted:

> "The State is required to prove beyond a reasonable doubt that the defendant intentionally engaged in conduct which constituted a substantial step towards the commission of the crime of Rape. The State is required to prove that the defendant had the intent to commit acts which constituted the crime of Rape. If you decide that the State has met its burden of proof regarding conduct alleged to have been committed at the time and place described in the Indictment then you the jury, as the trier of fact, should decide if this conduct constitutes a substantial step towards the commission of the crime charged. Now, the crime charged is actually Attempted Rape and so you should — that latter should read 'then you be jurors as triers of fact should decide if this conduct constituted a substantial step towards the commission of the crime of Rape.' Examples of a substantial step include but are not limited to, one laying in wait. Searching for or following the contemplated victim of the crime to go to the place contemplated for its commission. Reconnoitering the place contemplated for the commission of the crime. Possession of the material to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession serves no other lawful purpose under the circumstances."

Defendant's contention is that the above instruction was "abstract and confusing * * * a comment on the evidence, and unsupported by the evidence." We disagree.

The challenged instruction did not tell the jury what the probative value of the evidence was; it did not focus on any single inference. It is true that some of the examples were closer factually to the facts of the case at bar than were other examples; that is a common characteristic of any fair range of examples. However, the several examples did not infringe on the jury's fact-finding prerogative; rather, they assisted the jury in understanding what is meant by the concept of a "substantial step" in the law of attempt. Viewing the instructions

as a whole, we conclude that the giving of the above instruction was not reversible error.

Affirmed.

**JOSEPH, C. J.,** dissenting.

The majority says:

"* * * The real issue in the present case is not whether defendant's conduct could be found to constitute a 'substantial step' toward commission of the crime, but whether the circumstantial evidence was sufficient for the jury to infer that defendant intended to complete the crime, *i.e.,* that he intended to have sexual intercourse by subjecting the victim to forcible compulsion. * * *" 63 Or App at 469.

If that is "the real issue," then the law has changed. The crime of attempted rape is composed of a specific intent to commit forcible sexual intercourse and an overt act "which constitutes a substantial step toward commission of the crime." I suppose that one could say that the defendant had the requisite intent, but I do not think that his conduct, so far as it went, could fairly be found to constitute a "substantial step" toward rape. Had his activity not been interrupted, no one can possibly know what he would have done, and a jury should not have been permitted to speculate. *Compare State v. Evans,* 43 Or App 95, 99, 602 P2d 317 (1979). In my opinion the evidence would support only a charge of sexual abuse in the second degree. ORS 163.415.

Therefore I dissent.

I also join in the dissent of Warden, J., as to the challenged instruction.

Warren, J., and Newman, J., join in this dissent.

**WARDEN, J.,** dissenting.

I agree with the majority that defendant's motion for judgment of acquittal, challenging the sufficiency of the evidence to support a conviction of attempted rape, was properly denied by the trial court. I also agree with the majority conclusion that admission of the testimony of the victim, that she realized she could be raped did not constitute reversible error.

I disagree with the majority's conclusion that the giving of the instruction quoted by the majority did not constitute

reversible error. The instruction begins by correctly pointing out that the state must prove "conduct which constituted a substantial step toward the commission of the crime * * *." Then it gives as examples of a substantial step "laying in wait," "searching for" the victim, "[r]econnoitering the place contemplated for the commission of the crime" and "[p]ossession of the material to be employed in the commission of the crime * * *." The examples given constitute comments on the evidence. Here, the evidence was that defendant had physically touched the victim. Telling the jury that a lesser act, such as laying in wait, searching for the victim or looking over the place comtemplated for commission of the crime, would constitute a substantial step toward commission of the crime of rape, is tantamount to telling them that if they found that defendant physically touched the victim they must find that he had taken a substantial step toward commission of the crime, *i.e.,* that he had *attempted* to commit the crime of rape. *See State v. Wright,* 31 Or App 1345, 572 P2d 667 (1977). Because it instructs the jury on the probative value of the evidence, it is a comment thereon. *R. J. Frank Realty v. Heuvel,* 284 Or 301, 309, 586 P2d 1123 (1978). Being a comment on the evidence, it violates ORCP 59E and constitutes reversible error.

Because I would reverse for the error in the instruction, I dissent.

Joseph, Chief Judge, Warren and Newman, JJ, join in this dissent.