Argued and submitted August 29, reversed October 31, 1984, reconsideration denied January 11, petition for review denied January 29, 1985 (298 Or 597)

## STATE OF OREGON,
*Respondent,*

*v.*

## DARRELL WAYNE GRAHAM,
*Appellant.*

(10-83-06170; CA A32307)

689 P2d 1315

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., dissenting.

## YOUNG, J.

Defendant appeals his conviction for attempted rape in the first degree. ORS 163.375(1)(a); ORS 161.405. He argues that the trial court erred in admitting character evidence and in denying his motion for judgment of acquittal. ORS 136.445.[1] We determine that the trial court erred when it denied the motion for judgment of acquittal and reverse.

In reviewing the sufficiency of the evidence after a verdict of guilty we resolve any conflicts in the evidence in favor of the state and give the state the benefit of all inferences that can properly be drawn from the evidence. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974); *State v. Shipp,* 27 Or App 675, 557 P2d 244 (1976). In the light most favorable to the state, the evidence establishes the following facts.

On December 31, 1982, during the afternoon, the victim, a 15-year-old girl, was walking her dog in an alley behind her house. Defendant approached her in his car, stopped the car and asked her, "Can I rape you?" She replied, "No," and walked away toward her house. When she was some distance away,[2] she heard the car start and saw it backing toward her. She ran and then saw the car heading in the opposite direction. The victim later saw defendant driving in her neighborhood three times in January and February. On February 5, the victim, her aunt and a friend followed defendant's car. Defendant stopped and gestured for them to come over; they declined.

On July 11, 1983, defendant stopped at a Kool-Aid stand operated by two eight-year-old girls. After buying Kool-Aid, defendant picked up one of the girls, put her in a truck and drove off.[3] Defendant, by a *motion in limine,* moved to

---

[1] ORS 136.445 provides in part:

"In any criminal action the defendant may, after close of the state's evidence or all of the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant * * *."

[2] The victim was uncertain of the distance but testified that it was probably "more than three houses."

[3] On July 19, 1983, defendant was indicted for kidnapping and attempted sexual abuse in the first degree. Those charges were pending at the time of this trial.

exclude evidence of the July incident on the grounds that the evidence was more prejudicial than probative, OEC 403, and that "other crimes" evidence is not admissible to prove character. OEC 404(3).[4] The trial court ruled that the other crimes evidence was admissible to prove intent. Over objection, the eight-year-old victim testified that defendant touched her, kidnapped her and masturbated in front of her while driving. We do not reach defendant's assignment that the evidence was inadmissible because the evidence does not support the verdict. ORS 163.375(1)(a) provides:

"(1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a) The female is subjected to forcible compulsion by the male * * *."

Pursuant to ORS 161.405,[5] proof of an attempt to commit a crime requires that the defendant "be found to have intentionally engaged in conduct that constitutes a substantial step toward commission of the crime with intent to complete the crime." *State v. Benson,* 63 Or App 467, 470, 665 P2d 1127, *rev den* 295 Or 730 (1983); *State v. Evans,* 43 Or App 95, 99, 602 P2d 317 (1979). The state argues that defendant's acts were substantial steps because they constituted "lying in wait, searching for or following the contemplated victim of the crime." Commentary to Proposed Oregon Criminal Code 49-50 (1972). The critical issue, however, is not whether defendant's acts are, as a matter of law, sufficient to constitute a substantial step toward committing forcible rape. The issue is whether the state proved that when defendant performed those acts he intended to have sexual intercourse with the victim *by forcible compulsion.*

The trial court relied on *State v. McJunkin,* 27 Or

---

[4] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[5] ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

App 401, 556 P2d 164 (1976), *rev den* 277 Or 1 (1977), for its finding that defendant's acts constituted attempted rape in the first degree. In *McJunkin,* we affirmed the defendant's conviction for attempted first degree rape under ORS 163.375(1)(b), which makes all sexual intercourse with a female under 12 years of age first degree rape whether or not there is any compulsion. The defendant there asked the victim her age, asked her if he could give her a ride and offered to pay her when she refused. He asked the victim if she had ever had intercourse and told her "he sure would like to have intercourse with her." The victim then ran home. *State v. McJunkin, supra,* 27 Or App at 403.

The crime charged in *McJunkin* did not require that the state prove an intent to compel the victim forcibly, because intercourse with a child under the age of 12 is, in itself, rape. ORS 163.375(1)(b). In the present case, defendant asked the victim if he could "rape" her. Such a request implies an attempt to gain the victim's consent; despite the use of the word "rape," it does not show an intent to use force. If defendant in fact intended to have intercourse with the victim by force, his request and his later backing up his car were substantial steps toward that end and would support a conviction for attempted rape. However, these acts do not by themselves show that he intended to have *forcible* sexual intercourse with the victim. The victim was some distance away when defendant started the car, he did not block her return to her home and he immediately left the area. The state had to have evidence beyond the facts of the December incident to prove defendant's intent at that time.

██ The only other evidence in the record is that defendant was driving in the victim's neighborhood in January and February and that in July he kidnapped an eight-year-old child for a sexual purpose. The fact that defendant was seen later in the victim's neighborhood may support an inference that defendant had a continuing sexual interest in her, but it does not tend to prove that he intended to rape her in December. The kidnapping and sexual abuse is so different from the December incident, including the different ages of the victims, that its probative effect on defendant's intent in December is minimal. The fact that defendant committed a crime of a sexual nature in July does not tend to prove that he intended to have forcible sexual intercourse with the victim in

this case six months earlier. The state failed to produce evidence from which a trier of fact could find beyond a reasonable doubt that defendant intended to rape the victim. There is, therefore, insufficient evidence to support a conviction for attempted rape in the first degree and the court should have directed an acquittal.

Reversed.

**VAN HOOMISSEN, J.,** dissenting.

I would hold that the evidence presented at this bench trial was sufficient for the judge to find defendant guilty beyond a reasonable doubt. *See State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974). Therefore, I respectfully dissent.

Because the majority did not reach defendant's assignment that evidence of his subsequent sexual misconduct with a child should not have been admitted at trial, I too shall not do so other than to observe that in a bench trial we can assume that, in the absence of prejudice appearing in the record, and there is none here, any questionable evidence was disregarded by the judge. *See State v. Cafarelli,* 254 Or 73, 76, 456 P2d 999 (1969); *State v. Voshell,* 247 Or 534, 537, 430 P2d 1010 (1967).