Submitted March 23, affirmed October 26, 2011, petition for review denied February 2, 2012 (351 Or 545)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN DOUGLAS MINOW,
*Defendant-Appellant.*

Multnomah County Circuit Court
071236261; A140670

265 P3d 54

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Kristen G. Williams, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from his conviction for driving while suspended or revoked (DWS), ORS 811.182. Defendant asserts that the trial court erred in denying his motion to suppress incriminating statements that he made to a police officer following his arrest on the ground that the officer had lacked probable cause to arrest him. We affirm.

The pertinent facts are undisputed. In the early morning hours, Portland Police Officer Fleming received a call from his dispatcher about a "9-1-1 call from a gentleman who had seen a drunk subject sitting in a red pickup arguing with a restaurant employee about whether or not this drunk person should drive home." The dispatcher also gave Fleming the truck's license plate number. Fleming drove to the restaurant, arriving there approximately seven minutes after receiving the call from the dispatcher. While en route, Fleming used his on-board computer to "r[un] the registered owner of that pickup to determine the status of his driver's license." Fleming learned that the pickup was registered to defendant and that defendant's driver's license was "felony-revoked" because of a prior conviction for criminally negligent homicide.

When he arrived at the restaurant, Fleming observed a restaurant employee, whom Fleming knew, and a second man, who Fleming later identified as defendant, standing next to a pickup truck. The driver's side door of the truck was open, and the employee was standing in front of it, with his back toward the cab of the truck. It appeared to Fleming that the employee was trying to block defendant—who was "about an arm's length away" from the employee—from getting into the truck. It appeared to Fleming that defendant was "trying to get into the pickup." Fleming approached the men and asked defendant whether the truck belonged to him. Defendant said that it did, and Fleming then asked defendant if he was going to drive home. Defendant said "no." Fleming asked defendant if he had driven the truck to the restaurant; defendant "smiled, and said 'No, my friend did.'" From the way defendant smiled, Fleming believed that he was lying. Fleming asked defendant if he had the keys to the truck, and defendant replied that he had

them. By this point in the encounter, Fleming believed defendant to be "clearly intoxicated" because defendant was swaying as he stood, his speech was slurred, his eyes were glassy, and his face bore a "dazed expression."

Because he believed that defendant was attempting to drive while revoked and attempting to drive while under the influence of intoxicants, Fleming arrested defendant and advised him of his *Miranda* rights. Defendant indicated that he understood those rights. Fleming placed defendant in his patrol car and then spoke with the restaurant employee. After talking to the employee, Fleming returned to the patrol car and spoke with defendant. Defendant told Fleming that a friend had driven the truck to the restaurant. When Fleming asked defendant where his friend was, defendant replied that he had walked home. Fleming then asked defendant whether, if he were to view a surveillance video taken inside the restaurant, he would see defendant's friend. Defendant then admitted that he had driven the truck to the restaurant himself, but he denied that he was drunk at that time. Fleming issued defendant a citation for felony driving while suspended and then transported him to a detoxification center.[1]

Defendant moved to suppress his admission to Fleming that he had driven to the restaurant, arguing that Fleming lacked probable cause to believe that defendant had committed the crime of attempted driving under the influence of intoxicants (DUII). In particular, defendant argued that no such crime exists under Oregon law. Defendant also argued that his conduct constituted "mere preparation" to drive and, thus, did not rise to the level of an "attempt" required by ORS 161.405.[2] The trial court rejected that argument and denied defendant's motion, reasoning that:

---

[1] Along the way, Fleming, following defendant's directions, dropped off defendant's dog—who had been inside defendant's pickup throughout the encounter—at defendant's sister's house so that the dog would not have to spend the night in a police kennel. As the trial court noted, "the dog wasn't driving."

[2] ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

"[The] [q]uestion is more likely than not that he is approaching the car in possession of the keys, opening the door, with the intent to get in and drive away. When we know that the car is not parked at home, we know that the officer has reason to believe that the defendant drove the car there, but certainly had even more reason to believe that the only way he's going to get his car home is by driving it, or by far the most likely way. And we have an employee—known to be an employee trying to keep him from getting in the car and driving away because he's too drunk.

"I—just—I find that there's probable cause to believe that the defendant is committing the crime of attempt to drive while revoked, attempt to drive under the influence. It's not mere preparation, he's got all the tools, he's marching to do it, only intervention prevents it more likely than not."

Defendant waived his right to a jury trial, and the court convicted him of one count of driving while suspended, ORS 811.182. This appeal followed.

Defendant renews his argument that he did not take a "substantial step" toward driving and, thus, Fleming's belief that defendant was committing the crimes of attempted DWS or attempted DUII was not objectively reasonable. It follows, defendant argues, that Fleming lacked probable cause to believe that he had committed a crime and that his admission that he had driven to the restaurant should have been suppressed because it was the product of an unlawful arrest.

The state replies that the trial court erred in concluding that Fleming had probable cause to arrest defendant for attempted DUII because that crime does not exist under Oregon law. Rather, the state asserts that the trial court was "right for the wrong reason" in denying defendant's motion because defendant's acts amounted to attempted driving while suspended. The state asserts that Fleming had probable cause to arrest defendant for that crime and that defendant's subsequent statements therefore were not the product of an unlawful arrest.

We have recently clarified that the crime of attempted DUII does exist under Oregon law. In *State v. Baty*, 243 Or App 77, 259 P3d 98 (2011), the defendant was tried for DUII, ORS 813.010, and he requested that the jury be instructed on the lesser-included offense of attempted DUII. *Id.* at 81. The trial court refused to do so, and the defendant was convicted of DUII. On appeal, we reversed, holding that ORS 136.465[3] required the trial court to instruct the jury on the lesser-included crime of attempted DUII because the facts adduced at trial supported giving that instruction. *Id.* at 86-87. We rejected the state's argument to the contrary that ORS 136.465 does not apply to offenses defined by the motor vehicle code. *Id.* at 84.

The state's argument in this case is indistinguishable from the argument that we rejected in *Baty*, and we reject it here for the reasons set out in that case. Accordingly, the question reduces to whether Officer Fleming's uncontested subjective belief that a crime had been committed was objectively reasonable. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).

ORS 813.010 defines the crime of DUII, and provides, in pertinent part, that:

"(1)  A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(b)  Is under the influence of intoxicating liquor, a controlled substance or an inhalant[.]"

Although the statute does not define the term "drives," we have previously concluded that "one who 'drives' a car within the meaning of ORS 813.010 * * * [is] one who operates, tows, moves or otherwise propels it in any way." *Moe v. MVD*, 133 Or App 75, 79, 889 P2d 1334 (1995). For purposes of ORS 813.010, "the word 'driving' is construed as requiring that the

---

[3]  ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

vehicle be in motion in order for the offense to be committed." *State v. Martinelli*, 6 Or App 182, 187, 485 P2d 647 (1971).

"In order for conduct to be a substantial step it must strongly corroborate the defendant's criminal purpose—that is, the conduct must '(1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose.'" *State v. Jessen*, 162 Or App 662, 668, 986 P2d 684, *rev den*, 329 Or 589 (2000) (quoting *State v. Walters*, 311 Or 80, 85, 804 P2d 1164, *cert den*, 501 US 1209 (1991)). We agree with the trial court that Fleming's subjective belief that defendant had committed the crime of attempted DUII was objectively reasonable. Defendant was intoxicated; he possessed the keys to his truck, and he was standing in front of the open driver's side door trying to get into the truck. It was only the restaurant employee's presence that had prevented defendant from getting into the truck before Fleming arrived. Defendant's acts, taken together, constituted a "substantial step" toward the crime of driving under the influence. Accordingly, the trial court correctly denied defendant's motion to suppress.[4]

Affirmed.

---

[4] Our disposition of this case on these grounds renders consideration of the state's "right for the wrong reason" argument unnecessary.